IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JAMES C. BAER, §<br>*Plaintiff*, §<br>§<br>v. §<br>§<br>MIDLAND CREDIT §<br>MANAGEMENT, LLC, §<br>*Defendant*. § | Civil Action No. 5:21-cv-01248 |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This lawsuit involves a single claim for violation of the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff James C. Baer ("Plaintiff") alleges that Defendant Midland Credit Management, Inc.[1] ("MCM") collected on an "expired" default judgment by accepting funds from Frost Bank in satisfaction of a garnishment judgment. There is no genuine dispute as to any material fact and MCM is entitled to judgment as a matter of law.

### BACKGROUND

The facts are straight-forward. On March 10, 2011, Asset Acceptance, LLC obtained a default judgment against Plaintiff on a delinquent debt.[2] On September 26, 2019, Asset Acceptance filed a garnishment application against Frost Bank to collect on the default judgment.[3] On or around November 13, 2019, Frost Bank notified Plaintiff of the garnishment proceedings.[4]

---

[1] Plaintiff improperly named Defendant as "Midland Credit Management, LLC."

[2] Attached as **Exhibit A** is a certified copy of the Final Default Judgment in Cause No. 358658, rendered by the County Court At Law No. 7 for Bexar County, Texas.

[3] Attached hereto are certified copies of the following court documents from garnishment proceedings in Cause No. 2019CV07842, in the County Court At Law No. 10 for Bexar County, Texas: **Exhibit B** – Plaintiff's Application for Postjudgment Writ of Garnishment; **Exhibit C** – Writ of Garnishment After Judgment; **Exhibit D** – Notice of Garnishment; **Exhibit E** – Original Answer of Frost Bank to Writ of Garnishment After Judgment; and **Exhibit F** – Judgment of Garnishment.

[4] Attached to the Declaration of Daniel Durell are the following exhibits: **Exhibit G-1** – November 13, 2019 – Frost Bank Notice to Plaintiff; **Exhibit G-2** – December 3, 2019 Notice of Bank Garnishment; **Exhibit G-3** – April 21, 2021 Letter from Frost Bank; **Exhibit G-4** – Selected Discovery Responses from Plaintiff.

On December 11, 2019, Plaintiff received notice of the garnishment proceedings.[5] Plaintiff did not contest the garnishment.

On February 24, 2020, Asset Acceptance obtained a garnishment judgment against Frost Bank in the amount of $1,528.44 in funds that had been garnished from Plaintiff's bank account.[6] Under the garnishment judgment, Plaintiff immediately received a $1,528.44 credit against the default judgment.[7] However, Frost Bank did not ultimately satisfy the garnishment judgment rendered against it until around April 2021—more than ten years after the date of the default judgment.[8] *See* Doc. 1-1 at 5–6. MCM services the debt on behalf of Asset Acceptance.[9]

Plaintiff originally filed this action in state court alleging that MCM violated the FDCPA by accepting Frost Bank's check after the default judgment purportedly became dormant or "expired." *See* Doc. 1-1 at 5–6. MCM removed this action on the basis of federal question jurisdiction. *See* Doc. 1.

## SUMMARY OF GROUNDS

Plaintiff asserts that MCM violated 15 U.S.C. § 1692e(2)(A) and (10) by "misrepresenting the character, amount, or legal status of a debt, and by using false misrepresentations or deceptive means to collect a debt."[10] Three independent grounds defeat Plaintiff's FDCPA claim as a matter of law.

---

[5] **Exhibit G-2**.

[6] **Exhibit F**.

[7] *See* **Exhibit F**.

[8] *See* **Exhibit G-3.**

[9] Attached hereto as **Exhibit H** is the declaration of Joe Romney. Plaintiff alleges that MCM "purchased Asset Acceptance and its assets," including the default judgment obtained against Plaintiff. But, that is not true. *See* **Exhibit H**.

[10] *See* **Exhibit G-4** (Rog. No. 4).

First, Frost Bank's satisfaction of the garnishment judgment is *not* collection on Plaintiff's debt. Any collection efforts with respect to Plaintiff concluded when Asset Acceptance obtained the garnishment judgment on February 24, 2020—within ten years of the default judgment. At that moment, Plaintiff received a credit against the default judgment in the amount of the garnished funds ($1,528.44), and Frost Bank became liable for satisfying the garnishment judgment rendered against it. Plaintiff does not complain about the garnishment proceedings and never contested them.

Second, the default judgment did *not* otherwise become dormant on March 10, 2021. Service of the garnishment writ on Frost Bank before the ten-year period expired effectively renewed the default judgment as a matter of Texas law for another ten years. Thus, Plaintiff cannot show that MCM collected on a dormant judgment even if satisfaction of the garnishment judgment was collection on Plaintiff's debt.

Third, Texas law does *not* otherwise prohibit Frost Bank's satisfaction of the garnishment judgment after the default judgment allegedly became dormant. Section 31.004 of the Texas Civil Practice and Remedies Code prohibits only "execution" on a dormant judgment. Frost Bank's satisfaction of the garnishment judgment was not an "execution" on the default judgment. Simply put, MCM did not make any "misrepresentations" nor did MCM use "deceptive means" to collect a debt. Thus, Plaintiff cannot prove an FDCPA violation *even if* (1) satisfaction of the garnishment judgment was collection on Plaintiff's debt, and (2) the default judgment was dormant.

## ARGUMENT AND AUTHORITIES[11]

To prevail under the FDCPA, Plaintiff must prove, among other things, that MCM engaged in an act or omission prohibited by the FDCPA with respect to Plaintiff's debt. *See Douglas v.*

---

[11] Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

*Select Portfolio Servicing, Inc.*, No. Civ. A. 4:14-1329, 2015 WL 1064623, at *4 (S.D. Tex. Mar. 11, 2015) (listing elements). Section 1692e generally prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1692e(2)(A) prohibits a false representation of "the character, amount, or legal status of any debt." *Id.* § 1692e(2)(A). Section 1692e(10) prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *Id.* § 1692e(10).

Section 34.001 of the Texas Civil Practice and Remedies Code is also relevant here. Section 34.001 governs dormant judgments: "If a writ of execution is not issued within 10 years after the rendition of a judgment of a court of record or a justice court, the judgment is dormant and execution may not be issued on the judgment unless it is revived." TEX. CIV. PRAC. & REM. CODE § 34.001.

There is no genuine dispute as to any material fact. Plaintiff's sole contention is that MCM violated the FDCPA by allegedly "collect[ing] on an expired judgment" by accepting and negotiating a check from Frost Bank in satisfaction of the garnishment judgment in April 2021. *See* Doc. 1-1 at 6 (¶ 22). It is unclear how Frost Bank's satisfaction of the garnishment judgment is a "misrepresentation" by MCM or "deceptive means" to collect a debt from Plaintiff.

Nevertheless, Plaintiff's liability theory presents three issues.

**(1)    Is the receipt of funds from Frost Bank in satisfaction of the garnishment judgment collection of Plaintiff's debt?**

**(2)    If so, was the default judgment dormant in April 2021?**

**(3)    If yes as to both issues above, does Texas law prohibit a debt collector from accepting funds in satisfaction of a garnishment judgment obtained *before* the default judgment goes dormant?**

The Court can answer "no" to all three issues. However, a "no" response to any one of the three issues identified above is sufficient to defeat Plaintiff's FDCPA claim.

**Issue 1:   Is the receipt of funds from Frost Bank in satisfaction of the garnishment judgment collection of Plaintiff's debt?**

No.  Any collection activities in the garnishment proceedings with respect to Plaintiff were completed when Asset Acceptance obtained a garnishment judgment against Frost Bank before the default judgment could have become dormant.[12]  Therefore, Frost Bank's subsequent satisfaction of the garnishment judgment cannot form the basis of an FDCPA claim.  An analysis of garnishment procedure under Texas law coupled with the garnishment judgment's express language confirms this conclusion.

Under Texas law, an application for a writ of garnishment is an action resulting in a separately enforceable judgment against the garnishee.  *See* TEX. R. CIV. P. 657–679; TEX. CIV. PRAC. & REM. CODE § 63.001–.008.  Upon service of the writ of garnishment, the judgment debtor's assets in the possession of the garnishee are brought "within the control of the court." *Tex. Commerce Bank–New Braunfels, N.A. v. Townsend*, 786 S.W.2d 53, 55 (Tex. App.—Austin 1990, writ denied).  Service of the writ of garnishment creates a lien on the judgment debtor's property that impounds the funds in the hands of the garnishee.  *Rome Indus., Inc. v. Intsel Sw.*, 683 S.W.2d 777, 779 (Tex. App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.).  The judgment debtor has the burden to prevent or suspend the garnishee's compliance with the writ.  *See* Tex. R. Civ. P. 664, 664a; TEX. FIN. CODE § 59.008(c).  When a garnishee is found to be indebted to the judgment debtor, the judgment creditor is entitled to a judgment against the *garnishee* in an amount not to exceed the judgment debtor's judgment inclusive of interests and costs.  *See* TEX. R. CIV. P. 668.  If the garnishee fails to satisfy the judgment, then the judgment creditor is entitled to enforce the garnishment judgment against the garnishee through execution.  *See id*.

---

[12] *Compare* **Exhibit A** (March 10, 2011), *with* **Exhibit F** (February 24, 2020).

Here, collection efforts with respect to Plaintiff in the garnishment proceedings were completed when Asset Acceptance obtained the garnishment judgment against Frost Bank on February 24, 2020.[13] The garnishment judgment specifically reflects that Plaintiff received a credit toward the Default Judgment in the amount of $1,528.44.[14] Thus, as of February 24, 2020, Plaintiff no longer owed Asset Acceptance $1,528.44 of the then-outstanding default-judgment amount. Rather, Frost Bank owed Asset Acceptance $1,528.44 under a valid, subsisting judgment. *See* TEX. R. CIV. P. 668.

Therefore, the fact that Frost Bank subsequently satisfied the garnishment judgment in April 2021 is legally irrelevant. Plaintiff's FDCPA claim fails as a matter of law because Frost Bank's satisfaction of a garnishment judgment is not debt collection as a matter of law. The Court need not reach the remaining issues.

**Issue 2:     Was the default judgment dormant in April 2021?**

No. Even if Frost Bank's satisfaction of the garnishment judgment could be considered as debt collection as to Plaintiff (it cannot), Plaintiff's FDCPA claim still fails as a matter of law because the garnishment proceedings timely renewed the default judgment under Section 34.001 of the Texas Civil Practice and Remedies Code.

Section 34.001 provides, in relevant part:

(a) If a writ of execution is not issued within 10 years after the rendition of a judgment of a court of record or a justice court, the judgment is dormant and execution may not be issued on the judgment unless it is revived.

(b) If a writ of execution is issued within 10 years after rendition of a judgment but a second writ is not issued within 10 years after issuance of the first writ, the judgment becomes dormant. A second writ may be issued at any time within 10 years after issuance of the first writ.

---

[13] *See* **Exhibit F**.

[14] *See* **Exhibit F**.

*See* TEX. CIV. PRAC. AND REM. CODE § 34.001(a).  The Texas Supreme Court has never analyzed whether a writ of garnishment can extend a judgment for another ten years under Section 34.001's "writ of execution" language.  However, one intermediate court of appeals has addressed this issue head on.

In *Harper v. Spencer & Associates, P.C.*, one of the Houston Courts of Appeals held that a writ of garnishment satisfies the statutory requirement of a "writ of execution" for purposes of extending a Texas judgment.  *See* 446 S.W.3d 53, 57 (Tex. App.—Houston [1st Dist.] 2014, pet. denied).  In support, the court of appeals interpreted the phrase "writ of execution" to "encompass multiple specific forms of judicial enforcement of a judgment" in light of a number of cases extending a judgment as a result of the issuance of other types of post-judgment writs.  *See id.*; *see also In re V.R.N.*, 188 S.W.3d 835, 837 (Tex. App.—Eastland 2006, pet. denied) ("Texas cases have interpreted this provision to allow a variety of judgment collection activities to revive a judgment.").

However, one federal district court has disagreed with the *Harper* court's analysis and conclusion.  *See Smith v. Pallida, LLC*, No. 4:18-CV-870-A, 2019 WL 919555, at *3 (N.D. Tex. Feb. 23, 2019).  In *Smith*, the district court determined that a writ of garnishment is not a writ of execution under Section 34.001 and thus cannot prevent a judgment from becoming dormant.  *See id.*  The district court noted that Texas Rule of Civil Procedure 621 distinguishes between "execution" and "other appropriate process" in terms of judgment enforcement.  *See id*. (noting that "executions" are governed under Texas Rules of Civil Procedure 621–656)  Thus, the district court concluded that "[g]arnishment and execution are two separate things" and that a writ of execution—as that term is used in Section 34.00—cannot be construed to include a writ of garnishment.  *See id.*

7

The flaw in the *Smith* analysis is readily apparent when one applies the district court's interpretation to the entire statute. The only effect of a "dormant" judgment under Section 34.001(a) is that "*execution* may not be issued on the judgment unless it is revived." *See* TEX. CIV. PRAC. & REM. CODE § 34.001(a) (emphasis added). If a writ of execution is not a writ of garnishment, then an execution is not a garnishment. Thus, under the *Smith* analysis, nothing in Section 34.001 would then prohibit a judgment creditor from utilizing any "other appropriate process" of post-judgment collection—like a garnishment—that is not considered an "execution" under Texas Rules of Civil Procedure 621–656. But this result was likely not the Texas legislature's intent.

Given the foregoing, this Court should adopt the *Harper* court's analysis rather than the *Smith* court's analysis. Because Asset Acceptance obtained an served the garnishment writ on Frost Bank within ten years of the default judgment, Asset Acceptance's ability to enforce the default judgment was extended another ten years under Section 34.001.[15] *See id.* Because Plaintiff's FDCPA claim is entirely dependent on the default judgment being dormant, the claim fails as a matter of law. The Court need not reach the third issue.

**Issue 3:   Does Texas law prohibit a debt collector from accepting funds in satisfaction of a garnishment judgment that was properly obtained *before* the default judgment became dormant?**

No. Even if satisfaction of a garnishment judgment is debt collection under the FDCPA <u>and</u> the default judgment was dormant under the *Smith* analysis, Section 34.001 of the Texas Civil Practice and Remedies Code does not prohibit a judgment creditor from receiving funds to satisfy a garnishment judgment obtained *before* the default judgment became dormant.

---

[15] *Compare* **Exhibit A** (March 10, 2011), *with* **Exhibit E** (admitting that Frost Bank was served with the garnishment writ on November 13, 2019).

As noted above, the effect of a dormant judgment under Section 34.001 is that "*execution may not be issued on the judgment unless it is revived.*" *See id.* (emphasis added). Plaintiff does not and cannot allege that "execution" issued on the default judgment after March 10, 2021. The summary judgment evidence confirms that Asset Acceptance applied for a garnishment writ, served the garnishment writ, and obtained a garnishment judgment against Frost Bank more than a year before March 10, 2021.[16] Plaintiff cannot identify any Texas authority that prohibits a debt collector from accepting funds in satisfaction of a properly pursued and timely obtained garnishment judgment against a garnishee simply because the underlying judgment against the judgment debtor became dormant thereafter.

For this reason, Plaintiff cannot show that MCM violated the FDCPA by allegedly "accept[ing] and negotiat[ing] the check" from Frost Bank in satisfaction of the garnishment judgment after the judgment expired. *See* Doc. 1-1 at 5. Plaintiff has no evidence that MCM made a false representation to Plaintiff about "the character, amount, or legal status" of the debt. *See* 15 U.S.C. § 1692e(2)(A). Plaintiff also cannot show, as a matter of law, that accepting funds from Frost Bank in satisfaction of an *uncontested* garnishment judgment is a "deceptive" mean to collect a debt. *See id.* § 1692e(10).

## PRAYER

WHEREFORE, Defendant Midland Credit Management, Inc. respectfully requests that the Court grant this Motion, and pursuant to Federal Rule of Civil Procedure 56, enter judgment that Plaintiff take nothing by his claim. MCM further requests all other relief, at law and in equity, to which it is justly entitled.

---

[16] *See* **Exhibits B–F**.

Respectfully submitted,

_____
**Daniel Durell**
State Bar No. 24078450
daniel.durell@lockelord.com
**LOCKE LORD LLP**
600 Congress Avenue, Suite 2200
Austin, Texas 78701-3055
Telephone: (512) 305-4700
Facsimile: (512) 305-4800 (Facsimile)

**ATTORNEY FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all counsel of record as indicated below on this 16th day of August 2022:

**VIA ECF**
William M. Clanton
LAW OFFICE OF BILL CLANTON
926 Chulie Dr.
San Antonio, Texas 78216
bill@clantonlawoffice.com
*Attorney for Plaintiff*

_____
Counsel for Defendant